1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8          FOR THE DISTRICT OF OREGON

9   MARK POTTER, in his capacity                    O R D E R
    as trustee of various              Civ. No. 07-244-AA
10  irrevocable trusts,

11

            Plaintiff,
12
        vs.
13
    STEVEN BIGGS, THOMAS CROSSWHITE,
14  and UNIQUE SETTLEMENTS, LLC, a
    foreign corporation,
15
            Defendants.
16  _____

17  AIKEN, Judge:

18      Defendants' move to dismiss plaintiff's Second Amended

19  Complaint alleging plaintiff failed to establish diversity

20  between the parties; plaintiff failed to plead damages over the

21  statutory minimum of $75,000; and finally, lack of personal

22  jurisdiction over defendants.  Defendants' motion is granted in

23  part and denied in part.

24                          DISCUSSION

25      First, plaintiff is granted leave to amend his complaint to

26  properly allege citizenship in the State of Oregon.  There is no

27  dispute that defendant Crosswhite is a citizen of the State of

28  Utah and that defendants Biggs and Unique Settlements, LLC are

1 - ORDER

1    citizens of the State of Arizona.  Assuming plaintiff files a
2    Third Amended complaint to reflect the fact that plaintiff is a
3    citizen of the State of Oregon (as represented to this court in
4    plaintiff's pleading), then pursuant to 28 U.S.C. § 1332,
5    diversity of citizenship exists and this court maintain
6    jurisdiction over this matter.  Defendants' motion to dismiss on
7    this ground is granted, however, plaintiff is allowed leave to
8    file an amended complaint.
9         Next, defendants argue that plaintiff failed to allege the
10   requisite amount in controversy.  In addition to alleging
11   diversity of citizenship, § 1332 requires that plaintiff must
12   also allege that the amount in controversy as to each defendant
13   meets or exceed the jurisdictional minimum, $75,000.
14        Plaintiff first alleges that for "purposes giving rise to
15   liability," defendants Steven Biggs and his company, Unique
16   Settlements, LLC, are the same entity.  So that plaintiff need
17   not plead that Biggs is liable for $75,000 and Unique is liable
18   for a different $75,000.  Further, plaintiff alleges that his
19   claim against defendant Crosswhite is substantively different
20   from the claims against Biggs and Unique.  Plaintiff alleges
21   unjust enrichment against Crosswhite in the amount of $600,000,
22   specifically alleging that Crosswhite received $600,000 of
23   plaintiff's money from Biggs and Unique and Crosswhite's receipt
24   and retention of that money is actionable.
25        Plaintiff argues that defendants do not dispute that the
26   jurisdictional floor has been meet for three of the fourteen
27   trusts of which he is Trustee.  Plaintiff asserts that if this
28   court properly has jurisdiction over three of the fourteen trusts

2 - ORDER

1    then the court has discretion to exercise supplement jurisdiction
2    over the other eleven trusts.
3        Defendants' motion to dismiss on this ground is granted.
4    Plaintiff, however, is again granted leave to amend his complaint
5    to include a "short and plain" statement of his claims supporting
6    defendant Biggs' liability on an alter ego or piercing the
7    corporate veil theory.   Fed. R. Civ. P. 8(a)(1).   Regarding
8    plaintiff's allegation of "pendent or supplemental jurisdiction"
9    over state claims, plaintiff is further allowed leave to amend to
10   allege that the same operative facts are present for each trust
11   and transaction.   <u>Id.</u>
12        Finally, defendants assert that this court lacks personal
13   jurisdiction over defendants.   I disagree and find plaintiff has
14   alleged sufficient facts allowing for the exercise of personal
15   jurisdiction over the defendants.   Simply put, plaintiff as an
16   Oregon citizen, on behalf of Oregon citizen trusts of which he is
17   Trustee, made contracts in Oregon with defendants for the sale of
18   life insurance policies in Oregon, and it was in Oregon that
19   defendants allegedly defrauded plaintiff of profits.   Defendant's
20   motion to dismiss on this ground is denied.
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

3 - ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONCLUSION

Defendants' joint motion to dismiss the second amended complaint (doc. 15) is granted in part and denied in part. Further, defendants' request for telephone oral argument is denied as unnecessary. Plaintiff's amended complaint must be filed by December 7, 2007.

IT IS SO ORDERED.

Dated this __*A*__ day of November 2007.


_____
Ann Aiken
United States District Judge

4 - ORDER