IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK POTTER, in his capacity as trustees of various irrevocable trusts, | Civil No. 07-244-AA<br>OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| STEVEN BIGGS, THOMAS CROSSWHITE, and UNIQUE SETTLEMENTS, LLC, a foreign corporation, | |
| Defendants. | |

────────────────────────────

Brooks F. Cooper
Cartwright and Associates
1000 S.W. Broadway Street
Suite 1750
Portland, OR 97205
        Attorney for Plaintiff

Merrick B. Firestone
Ronan & Firestone, PLC
9300 E. Raintree Drive, Suite 120
Scottsdale, AZ 85260

Andrew T. Reilly
Black Helterline, LLP
1900 Fox Tower

Page 1 - OPINION AND ORDER

805 S.W. Broadway
Portland, OR 97205
      Attorneys for Defendants Steven
      Briggs and Unique Settlements, LLC

Stephen F. English
David VanSpeybroeck
Bullivant Houser Bailey
300 Pioneer Tower 888 S.W. Fifth Avenue
Portland, OR 97204
      Attorneys for Defendant Thomas Crosswhite


AIKEN, Judge:

      Defendants jointly move to dismiss plaintiff's Third Amended
Complaint alleging plaintiff failed to establish subject matter
jurisdiction, pursuant to 28 U.S.C. § 1332; failed to state a
claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6); and
failed to abide by this court's order dated November 19, 2007.
Plaintiff has not filed an opposition to this motion.  Defendant
Thomas Crosswhite ("Crosswhite") moves to dismiss plaintiff's
fourth cause of action for lack of subject matter jurisdiction
and for failure to state a claim.  Plaintiff opposes this motion.
Defendants' joint motion to dismiss is denied and defendant
Crosswhite's motion to dismiss plaintiff's fourth claim for
relief is granted.

BACKGROUND

      Plaintiff, allegedly a citizen of the State of Oregon, is
the serving trustee of several trusts.  Defendant Crosswhite is a
citizen of the State of Utah.  Defendants Steven Biggs ("Biggs")
and Unique Settlements, LLC ("Unique") are citizens of the State

Page 2 - OPINION AND ORDER

of Arizona.  In this action, plaintiff obtained the services of Biggs and Unique to act as brokers to solicit and obtain offers from third-parties who desired to purchase life insurance policies held by each trust.  Each trust was established to hold the life insurance policy or policies for at least 24 months. Thereafter, plaintiff had the option to sell each policy or policies to third-parties.

Plaintiff, acting as trustee for various trusts, decided to sell these policies upon the secondary market through defendants Biggs and Unique.  Once sold, the net proceeds of each sale would be distributed to the trust pursuant to the terms of the trust. Plaintiff would then pay defendants Biggs and Unique a commission from the gross price offered by the purchaser.  The commission, as agreed upon the parties, was 0.5% of the face amount of the policies held by each trust.

As is the custom and practice in the secondary market, defendants kept the names of potential buyers secret from plaintiff.  As a result, plaintiff was dependent on defendant's representations regarding the offer or offers defendants had solicited for the purchase of each trust's insurance policy. Plaintiff, however, alleges that defendants Biggs and Unique fraudulently and negligently under-represented the amount of each offer to purchase each policy.  In addition, plaintiff claims unjust enrichment against all defendants including defendant

Crosswhite, who allegedly received $600,000 of net proceeds owed to plaintiff from Biggs and Unique.

On November 19, 2007, this court granted in part and denied in part defendants' joint motion to dismiss plaintiff's second amended complaint. Defendants' motion alleged plaintiff failed to establish diversity between the parties and failed to plead damages over the $75,000 statutory minimum. Defendants' motion to dismiss was granted, however, plaintiff was allowed leave to amend his complaint to: (1) properly allege citizenship in the State of Oregon; (2) include a "short and plain" statement, pursuant to Fed. R. Civ. P. 8(a)(1), of plaintiff's claims supporting defendant Biggs' liability on an alter ego or piercing the corporate veil theory; and (3) properly allege that the same operative facts are present for each trust and transaction to support plaintiff's $75,000 statutory minimum subject matter jurisdiction requirement.

STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in

favor of the plaintiffs, and its allegations are taken as true.
Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

1. Defendants' Joint Motion to Dismiss Third Amended Complaint.

First, plaintiff was allowed to amend his complaint to
properly allege citizenship in the State of Oregon.  Plaintiff
did so.  See Third Amended Complaint, ¶ 1.  Defendants no longer
dispute plaintiff's citizenship.  Second, plaintiff was granted
leave to amend his complaint to include a "short and plain"
statement of his claims supporting defendant Biggs' liability on
an alter ego or piercing the corporate veil theory pursuant to
Fed. R. Civ. P. 8(a)(1).  Plaintiff added the following language
to his complaint:

9.

> Though Biggs operated through this LLC at all times
> plaintiff was contracting for Biggs' special knowledge,
> contacts and abilities.  What plaintiff sought and what
> plaintiff bargained for was Biggs's personal abilities.
> Because plaintiff had to contract with Unique to obtain
> Biggs's services plaintiff did so. But for this plaintiff
> would only have contracted with Biggs.

10.

> Unique was under the actual and exclusive control of Biggs
> at all times material to this complaint.

Third Amended Complaint, ¶¶ 9, 10.

Parties are allowed to amend their complaint to specifically
advance the theory that a sole shareholder is individually
liable.  See, e.g. Holley v. Crank, 386 F.3d 1248, 1257 (9th

Page 5 - OPINION AND ORDER

Cir. 2004), <u>amended</u> <u>Holley v. Crank</u>, 400 F.3d 667 (9th Cir. 2005).  Defendants argue that plaintiff's theory is improper because the LLC has only one member.  Def. Reply Memo., p. 5. Regardless, plaintiff's claim survives a Fed. R. Civ. P. 12(b)(6) challenge if that one member has actual and exclusive control of the LLC at all times.  Plaintiff has alleged exactly those facts in his third amended complaint.  At this stage of the proceedings, plaintiff complies with Rule 8(a)(1) and adequately supplies a "short and plain" statement alleging that Biggs, as sole member of Unique, is liable under the piercing the corporate veil theory for alleged violations of fraudulent and negligent misrepresentation.

Finally, plaintiff was allowed to amend his complaint to properly allege that the same operative facts are present for each trust and transaction to support plaintiff's $75,000 statutory minimum subject matter jurisdiction requirement.  There is no dispute that the jurisdictional requirement has been met for three of the fourteen trusts of which plaintiff is Trustee. Therefore, this court has original jurisdiction over these three trusts.

Regarding the remaining eleven trusts, plaintiff asserts supplemental jurisdiction. <u>See</u> 28 U.S.C. § 1367.  This court has discretion to retain jurisdiction over the remaining claims brought by the other trusts pursuant to supplemental

Page 6 - OPINION AND ORDER

jurisdiction.  See Herman Family Revocable Trust v. Teddy Bear,
254 F.3d 802, 805-06 (9th Cir. 2001).  Plaintiff amended his
complaint as follows in response to this court's order:

>                             25.
>     Plaintiff's losses due to defendants' conduct as to the Elva
>     Gould, Richard Gould (Trust II), and Gustav Hertrich trusts
>     each exceed this court's jurisdictional limit. With respect
>     to each and every trust, including those trusts as to which
>     Plaintiff's losses are less than $75,000 per trust,
>     Defendants' wrongful conduct was the same.  Thus, the same
>     set of operative facts gives rise to each claimed loss.  In
>     each case Defendants mis-represented the amount of the offer
>     so as to keep some of the funds for themselves which by
>     agreement should instead have gone to Plaintiff.

Third Amended Complaint, ¶ 25.

Defendants argue that there are no allegations that the same
misrepresentations were made by the same defendants to the
various people who control the trusts at issue.  Def. Reply
Memo., p. 7.  I disagree.  In plaintiff's amended complaint, he
specifically stated that in every occasion "[d]efendants mis-
represented the amount of the offer so as to keep some of the
funds for themselves which by agreement should instead have gone
to [p]laintiff."  Third Amended Complaint, ¶ 25.  As such,
plaintiff argues that this court should exercise supplemental
jurisdiction over the remaining eleven claims made by each trust.

Supplemental jurisdiction may be declined by a federal
district court "only if the state law claim is predominant, if it
is novel or complex, if all federal claims have been dismissed,
or if other 'compelling' reasons exist." Ram Technical Servs.,

Inc. v. Koresko, 215 Or. App. 449, 459, 171 P.3d 374 (2007)
(citing 28 U.S.C. § 1367(c); and Executive Software v. U.S. Dist.
Ct., 24 F.3d 1545, 1555-56 (9th Cir 1994)).  In addition, federal
district courts have supplemental jurisdiction over state claims
that are "so related" to the federal claims before them "that
they form part of the same case or controversy."  28 U.S.C. §
1367(a).

      With the enactment of 28 U.S.C. § 1367, federal courts now
have broader discretion to retain jurisdiction over state claims
than under United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).  See
also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205-06 (9th
Cir. 1991).  Cohill emphasized that federal courts should handle
cases involving state law claims that will "best accommodate the
values of economy, convenience, fairness, and comity."  484 U.S.
at 351.

      Although the specific facts to each transaction and trust
might be different, the operative fact that defendants allegedly
misrepresented offers to purchase life insurance policies to
plaintiff, as trustee of each trust, is similar for all of the
proceeds allegedly due to each trust.  Therefore, this court
exercises its discretion, pursuant to 28 U.S.C. § 1367, over the
remaining eleven trusts.  I see no reason to decline jurisdiction
under any one of the four factors stated in 28 U.S.C. § 1367(c).

Therefore, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim is denied.

2. <u>Defendant Crosswhite's Motion to Dismiss</u>

Defendant Crosswhite moves to dismiss plaintiff's fourth cause of action for lack of subject matter jurisdiction and for failure to state a claim.  In his complaint, plaintiff claims relief for unjust enrichment in the amount of $600,000 that defendant Crosswhite received from defendants Biggs and Unique who wrongfully obtained such money that allegedly belonged to plaintiff.  Plaintiff asserts that "Biggs and Unique gave Crosswhite money that belongs to Plaintiff, that Plaintiff's rights to that money are superior to Crosswhite's, and that Plaintiff is entitled to recover those ill-gotten gains from Crosswhite."  Plaintiff's Response to Def. Crosswhite's Motion to Dismiss, p. 2.

Plaintiff now asserts that his fourth claim for relief is for the "common count of money had and received" rather than for unjust enrichment.  <u>Id.</u>  Therefore, Crosswhite's motion to dismiss on this ground is granted.  Plaintiff, however, is granted leave to amend his complaint to include a "short and plain" statement of his claims supporting defendant Crosswhite's liability on a common count of money had and received theory. The court notes this will be plaintiff's fourth attempt at

amending his complaint.  The court will not allow any further
amendments.

CONCLUSION

Defendants' joint motion to dismiss plaintiff's third
amended complaint (doc. 29) is denied.  Defendant Crosswhite's
motion to dismiss plaintiff's fourth claim for relief (doc. 31)
is granted.  Any amended complaint must be filed by March 17,
2008.  Finally, defendant Crosswhite's request for oral argument
is denied as unnecessary.

IT IS SO ORDERED.

Dated this __2__ day of March, 2008.




                    _____/s/ Ann Aiken_____
                         Ann Aiken
                   United States District Judge

_____

Page 10 - OPINION AND ORDER