FILED '09 JAN 12 15:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK POTTER, in his capacity
as trustee of various
irrevocable trusts,

        Plaintiff,

  vs.

STEVEN BIGGS, THOMAS CROSSWHITE,
and UNIQUE SETTLEMENTS, LLC, a
foreign corporation,

        Defendants.

O R D E R
Civ. No. 07-244-AA

AIKEN, Judge:

    Defendants' motion for attorney fee award is granted.

### DISCUSSION

    Pursuant to Fed. R. Civ. P. 54(d)(2), defendants, as the prevailing party, may seek recovery of its attorney fees incurred in defending against an action brought in this court. Further, pursuant to Fed. R. Civ. P. 16(f), a court may award attorney fees against a non-complying party as or in addition to any sanction deemed appropriate by the court. Defendants are the prevailing party pursuant to a judgment of dismissal entered in this case on November 3, 2008. That judgment resulted from plaintiff's failure to lodge a pretrial order as required by this

1 - ORDER

court, refusal to participate in preparation of a pretrial order, or to otherwise take any steps required of him by Fed. R. Civ. P. 16.

Here, plaintiff filed suit against defendants Biggs, Crosswhite and Unique Settlement, LLC. Defendants defended against plaintiff's claims, initially on jurisdictional grounds, requiring several separate rounds of Fed. R. Civ. P. 12 motions. Plaintiff then subsequently settled with defendant Crosswhite and dismissed him from this action. After that plaintiff failed to communicate with defense counsel or the court, and refused to participate in or provide any discovery. Ultimately, this failure extended to plaintiff's failure to participate in preparing a pretrial order, and eventually resulted in dismissal of this matter in its entirety.

A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563-64 (1986). Defendants carry the burden of proving the lodestar. Id. The factors considered to determine the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of

2 - ORDER

the professional relationship with the client; and (12) awards in similar cases. <u>Kerr v. Screen Extras Guild</u>, 526 F.2d 67, 70 (9th Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 951 (1976).

The court may adjust the lodestar: (1) downward when there is only partial or limited success, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983); or (2) upward in "rare" and "exceptional" cases. <u>Delaware</u> at 565. However, there is a strong presumption that the lodestar figure represents a reasonable fee. <u>Miller v. Los Angeles County Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir. 1987).

Here, defendants request a total fee award of $27,291.36. After considering defendants' motion for fees, defendants' supporting affidavit containing appropriate and supporting documentation of defendants' fee request, and defendants' Supplemental Affidavit filed at the court's request, I find both the hourly rates and the number of hours expended on the litigation reasonable. Overall, the attorney fees incurred by defendants are reasonable for the services rendered and the results obtained.

## CONCLUSION

Defendants' motion for attorney fee award (doc. 51) is granted in the amount of $27,291.36.

IT IS SO ORDERED.

Dated this 8 day of January 2009.

_____
Ann Aiken
United States District Judge

3 - ORDER